# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JUST FUNKY, LLC, | ) | CASE NO. 5:21-cv-1127 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| BOOM TRENDZ, LLC, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on defendant Deepak Tyagi's ("Tyagi") motion to dismiss the state and federal claims asserted against him in the verified complaint filed by plaintiff Just Funky, LLC ("Just Funky") (Doc. No. 24 (Motion to Dismiss); *see* Doc. No. 1 (Verified Complaint).) Just Funky opposed the motion (Doc. No. 31) and filed a supplemental opposition with leave of Court (Doc. No. 43). Tyagi filed a reply (Doc. No. 38) and a supplemental reply (Doc. No. 47).

For the reasons that follow, Tyagi's motion is denied.

## I.  Background

The factual background of this case is set forth in greater detail in the Court's Memorandum Opinion and Order denying Just Funky's motion for a temporary restraining order. (Doc. No. 15.) Briefly here, Just Funky is an Ohio LLC with its principal management operations in Richfield, Ohio. Just Funky is in the business of procuring licenses to third party intellectual property from licensors such as MGM and Warner Brothers and arranging for the design, manufacture, distribution, and sale of products pursuant to those licenses. (Doc. No. 1 ¶¶ 7–9, 19.) Tyagi, who

1

resides in India, is a former employee of Just Funky and Just Funky India Trading Private Limited ("Just Funky India"). (*See id.* ¶ 14.) Just Funky alleges that Tyagi breached his confidentiality and non-disclosure agreements with Just Funky, misappropriated Just Funky's trade secrets, and set up a competing business in Ohio (Boom Trendz, an Ohio LLC) with another former employee of Just Funky, Melissa Carpenter ("Carpenter"). (*See id.* ¶¶ 10–12, 37, 39–40, 46.) Carpenter and Boom Trendz are also defendants in this action.

Based upon these factual allegations, Just Funky asserts federal and state law claims against Tyagi. In the complaint, Just Funky claims that the Court has personal jurisdiction over Tyagi because its claims against him arise out of Tyagi's business transactions in Ohio and because he committed tortious activities directed at Ohio. (*Id.* ¶ 6.)

Tyagi moves to dismiss all Just Funky's claims against him pursuant to Fed. R. Civ. P. 12(b)(2) on the grounds that he did not consent to the Court's jurisdiction, did not waive the defense of personal jurisdiction, Ohio's long arm statute does not confer personal jurisdiction over him, and exercising jurisdiction over him would violate his right to due process. (*See* Doc. No. 24 at 1.[1]) In support of his motion, Tyagi filed three declarations. (Doc. Nos. 24-1, 38-1, 47-1.)

In opposition, Just Funky argues that Tyagi has waived his right to raise the defense of personal jurisdiction, has consented to the jurisdiction of this Court, and is subject to personal jurisdiction under Ohio's long arm statute because Tyagi caused tortious injury to Just Funky in Ohio and exercise of personal jurisdiction over Tyagi by this Court will not deprive him of due process. (*See* Doc. No. 31.) In support of its opposition, Just Funky provides the declarations of

---

[1] All references to page numbers are to the consecutive page numbers assigned to each individual document by the Court's electronic filing system, a citation practice recently adopted by the Court despite different directions in the Initial Standing Order in this case.

2

Avinash Haldia ("Haldia") (Doc. No. 32) and Rajnish Arora ("Arora") (Doc. No 33), and multiple exhibits attached to its supplemental opposition to Tyagi's motion (*see* Doc. No. 43).

## II.   Discussion

Without personal jurisdiction, the Court lacks authority to enter a valid judgment over a defendant. *Owens v. Global Equip. Co., Inc.*, No. 1:17-cv-182, 2019 WL 3979641, at *3 (W.D. Ky. Aug. 22, 2019) ("Personal jurisdiction is a court's authority to enter a valid judgment over a defendant, and a plaintiff's claim must be dismissed when the court lacks such authority.") (citing Fed. R. Civ. P. 12(b)(2)). Rule 12(b)(2) provides for the defense of lack of personal jurisdiction.

The parties' disagreement concerning the Court's personal jurisdiction over Tyagi raises issues of waiver of the defense,[2] consent to personal jurisdiction, and outright lack of personal jurisdiction. But the issues of waiver and consent need not be addressed or resolved here. Regardless of the outcome of that analysis, the Court has personal jurisdiction over Tyagi because even if he did not waive the defense or consent to the Court's jurisdiction, this Court has personal jurisdiction over him under Ohio's long arm statute and exercising jurisdiction over him in Ohio does not offend his right to due process.

### A.  Fed. R. Civ. P. 12(b)(2)

Tyagi seeks dismissal for lack of personal jurisdiction under Rule 12(b)(2). Just Funky bears the burden of establishing that this Court has personal jurisdiction over Tyagi. *See Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). In the face of a supported motion to dismiss for lack of personal jurisdiction, Just Funky may not rest upon its pleadings but must,

---

[2] "'The requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly. The actions of the defendant may amount to a legal submission to the jurisdiction of the court.'" *Gerber v. Riordan*, 649 F.3d 514, 518 (6th Cir. 2011) (quoting *Days Inns Worldwide, Inc. v. Patel,* 445 F.3d 899, 905 (6th Cir. 2006)).

3

by affidavit or otherwise, set forth specific evidence supporting personal jurisdiction of this Court over TFI. *Id.*

When deciding Tyagi's Rule 12(b)(2) motion the Court may, in its discretion: (1) decide the motion on affidavits alone, (2) permit discovery in aid of deciding the motion, or (3) conduct an evidentiary hearing to resolve any apparent factual questions. *Id.*; *see also Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 F. App'x 425, 429 (6th Cir. 2006). Having reviewed the parties' briefs and declarations attached thereto, the Court concludes that a hearing will not assist the Court and that Tyagi's Rule 12(b)(2) motion may be resolved on the parties' submissions. When the Court elects to decide the motion upon the written submissions, it must view the declarations, pleadings and related documentary evidence in the light most favorable to the plaintiff.[3] *Bird v. Parsons*, 289 F.3d 865, 871–72 (6th Cir. 2002) (the court must consider the pleadings and affidavits in a light most favorable to the plaintiff and draw all permissible inferences in favor of plaintiff on a motion to dismiss for lack of personal jurisdiction at this stage of the proceedings because no evidentiary hearing or discovery has occurred) (citing *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1261–62 (6th Cir. 1996)).

Where, as here, a district court decides the issue solely on the basis of written materials and affidavits, "the burden on the plaintiff is relatively slight, . . . and the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal[.]" *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.,* 503 F.3d 544, 549 (6th Cir. 2007) (internal quotation marks and citations omitted). "Dismissal [is] only proper if all of the specific facts [plaintiff] alleged

---

[3] That said, the Court is not precluded from considering undisputed factual representations of the defendant that are consistent with the representations of the plaintiff. *Kerry Steel, Inc v. Paragon Indus., Inc.,* 106 F.3d 147,153 (6th Cir. 1997).

collectively fail[] to state a *prima facie* case for jurisdiction under the appropriate standards." *Theunissen*, 935 F.2d at 1459; *see also Kerry Steel,* 106 F.3d at 149.

Just Funky invokes this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. No. 1 ¶ 4.) To assert personal jurisdiction over a defendant, a federal court with federal question subject matter jurisdiction must find that: (1) defendant is amenable to service of process under the forum state's long-arm statute, and (2) the exercise of personal jurisdiction will not deny defendant due process. *See Bird,* 289 F.3d at 871; *see also Chapman v. Lawson*, 89 F. Supp. 3d 959, 970 (S.D. Ohio 2015) ("Under Ohio law, personal jurisdiction over non-resident defendants exists only if: (1) Ohio's long-arm statute confers jurisdiction, *and* (2) the requirements of the federal due process clause are met.") (emphasis in original) (citations omitted).

Ohio's long-arm statute, Ohio Rev. Code § 2307.382(A), provides for personal jurisdiction over a non-resident if that person's conduct falls within one of the nine bases for jurisdiction listed in the statute. The due process inquiry requires determining "whether the facts of the case demonstrate that the non-resident defendant possesses such minimum contacts with the forum state that the exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *Theunissen*, 935 F.2d at 1459 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

Tyagi contends that his motion to dismiss for lack of personal jurisdiction should be granted because he has never been to Ohio, has no contacts with Ohio that satisfy Ohio's long arm statute, and does not have sufficient minimum contacts with Ohio to comport with due process. (*See* Doc. No. 24 at 7–12.) The Court disagrees and finds that Just Funky has carried its burden to make a *prima facie* showing that this Court has personal jurisdiction over Tyagi.

5

**B. Analysis**

**1. Ohio's long arm statute**

In the verified complaint, Just Funky alleges that the Court has personal jurisdiction over Tyagi because its cause of action arises from Tyagi's "business transactions in Ohio" and "commission of tortious activities directed at Ohio." (Doc. No. 1 ¶ 6.) Ohio Rev. Code §§ 2307.382(A)(1), (4) and (6) provide that:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
> . . . .
> (1) Transacting any business in this state;
> . . . .
> (4) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> . . . .
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when the person might reasonably have expected that some person would be injured thereby in this state; . . .

The Court finds that at least one of these three bases for personal jurisdiction under Ohio's long arm statute apply to Tyagi in this case. The phrase "[t]ransacting any business in this state" under Ohio Rev. Code § 2307.382(A)(1)[4] is broadly defined by the Ohio Supreme Court as meaning "to carry on business" and "to have dealings" and is "broader than the word 'contract[.]'" *Faurecia Exhaust Sys., Inc. v. Walker*, 464 F. Supp. 2d 700, 706 (N.D. Ohio 2006) (quoting *Douglas v. Modern Aero, Inc.,* 954 F. Supp. 1206, 1210–11 (N.D. Ohio 1997) (citation omitted)).

---

[4] In its opposition, Just Funky does not directly argue that subsection (A)(1) is satisfied as a basis for jurisdiction under Ohio's long arm statute but appears to raise that argument under the purposeful availment prong of the due process analysis. (*See* Doc. No. 31 at 17.)

6

Like the broad interpretation afforded § 2307.382(A)(1), courts also take a "broad approach" to the application of § 2307.382(A)(6). *See Schneider v. Hardesty*, 669 F.3d 693, 700 (6th Cir. 2012) (citing cases). The Court finds that under this broad approach, Just Funky has carried its slight burden to establish a *prima facie* case that Tyagi is subject to personal jurisdiction under subsection (A)(6) of Ohio's long arm statute.[5]

"'[S]ubsection (A)(6) applies when an out-of-state defendant, acting directly or through an agent, causes a tortious injury in Ohio by an act committed outside the state, provided that (1) the out-of-state act was committed with the purpose of inflicting an injury and (2) the injury was reasonably expected to occur.'" *Oxford Lending Grp., LLC v. Underwriters at Lloyd's London*, No. 2:10-cv-94, 2011 WL 335954, at *5 (S.D. Ohio Jan. 31, 2011) (quoting *Coleman v. Parra,* 163 F. Supp. 2d 876, 889 (S.D. Ohio 2000) (citing *Clark v. Connor,* 695 N.E.2d 751 (Ohio 1998))).

Under § 2307.382(A)(6), the phrase "tortious injury" includes misappropriation of trade secrets. *See Dayton Superior Corp. v. Yan*, 288 F.R.D. 151 (S.D. Ohio 2012). Among other claims, Just Funky alleges that Tyagi misappropriated its trade secrets in violation of the Defense of Trade Secrets Act ("DTSA") (Doc. No. 1 ¶¶ 81–89) and Ohio Uniform Trade Secrets Act ("UTSA") (*id.* ¶¶ 98–105).

---

[5] Tyagi argues in opposition that subsection (A)(6) is inapplicable to the Court's personal jurisdiction analysis because that section requires causing a tortious injury to a person in Ohio and a limited liability company such as Just Funky is not a "person." (*See* Doc. No. 38 at 12 (citing *Schneider*, 669 F.3d at 700–01.) But *Schneider* did not hold that an LLC is not a person within the meaning of § 2307.382(A)(6). And Ohio federal and state courts have found that subsection (A)(6) of Ohio's long arm statute is applicable in cases where the plaintiff asserting a tortious injury in Ohio is an LLC. *See Shaker Const. Grp., LLC v. Schilling*, No. 1:08-cv-278, 2008 WL 4346777, at *4 (S.D. Ohio Sept. 18, 2008); *Kauffman Racing Equip., L.L.C. v. Roberts*, No. 07-CA-14, 2008 WL 1821374 (Ohio Ct. App. Apr. 18, 2008) (§ 2307.382(a)(6) of Ohio's long-arm statute applicable where non-resident buyer of automobile engine block posted messages critical of Ohio LLC seller on internet sites with the purpose of causing tortious injury), *aff'd* 930 N.E.2d 784 (Ohio 2010); *Stolle Mach. Co., LLC v. RAM Precision Indus.*, No. 3:10-cv-155, 2011 WL 6293323, at *4 (S.D. Ohio Dec. 15, 2011) (finding citizen of China within the jurisdictional ambit of Ohio Revised Code § 2307.382(A)(6) when he allegedly caused a tortious injury in Ohio by an act outside of Ohio committed with the purpose of injuring plaintiff LLC and might reasonably have expected that plaintiff would be injured in Ohio).

7

As an initial matter, the Court addresses the issue of whether the information allegedly misappropriated by Tyagi constitutes a trade secret. The definition of a trade secret and requirements for establishing misappropriation of trade secrets are substantially the same under the DTSA[6] and UTSA. *Aday v. Westfield Ins. Co.*, 486 F. Supp. 3d 1153, 1160, n.6 (S.D. Ohio 2020) (collecting cases and citing among authority H.R. REP. 114-529 ("While other minor differences between the UTSA and Federal definition of a trade secret remain, the Committee does not intend for the definition of a trade secret to be meaningfully different from the scope of that definition as understood by courts in States that have adopted the UTSA.")).

Just Funky claims that a variety of information of the type defined by the DTSA is used in the operation of its business and constitutes confidential and proprietary information and trade secrets, that this information provides Just Funky with a competitive economic advantage with respect to the operation of its business. Just Funky further claims that it takes reasonable efforts to maintain the secrecy of this information by requiring employees to sign confidentiality and non-disclosure agreements as a condition of employment with Just Funky. (*See* Doc. No. 1 ¶¶ 21–23; *see also* Doc. No. 33 ¶¶ 5, 10.) Under the standard applicable to the Court's analysis of the issue of personal jurisdiction, and only for the purpose of this analysis, the Court finds that Just Funky

---

[6] "The DTSA defines 'trade secret' as follows: '[a]ll forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if—
    (A) the owner thereof has taken reasonable measures to keep such information secret; and
    (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information[.]'"

*Noco Co. v. CTEK, Inc.*, No. 1:19-cv-00853, 2020 WL 821485, at *6–7 (N.D. Ohio Feb. 18, 2020) (quoting 18 U.S.C. § 1839(3)).

has made a *prima facie* showing that the information Tyagi allegedly misappropriated is a trade secret.

At the time of the alleged misappropriation, Tyagi was employed by Just Funky India. According to Just Funky, Just Funky India is a wholly-owned subsidiary of Just Funky and the entity through which Just Funky operates in India, but the two are "virtually indistinguishable" and share logos, company resources, and personnel.[7] (Doc. No. 32 ¶ 1; Doc. No. 33 ¶¶ 3–4.) In connection with his employment with Just Funky India, Tyagi was provided with a company laptop which he used to access Just Funky's server and software in Ohio containing Just Funky's confidential information and trade secrets. (Doc. No. 33 ¶ 10.) Tyagi does not dispute that he had access to Just Funky's server and software in Ohio but contends that access was "limited." (Doc. No. 38-1 ¶ 10.)

Just Funky alleges that Tyagi used his access to Just Funky's server and software in Ohio to misappropriate Just Funky's trade secrets and is using those trade secrets to compete with Just Funky in Ohio with the intent of causing Just Funky harm. (*See* Doc. No. 1 ¶¶ 46, 52, 73, 78, 83, 88, 91, 93–96, 104.) In addition to the allegations in the complaint, Just Funky has submitted declarations and documentation in support of its opposition to Tyagi's motion sufficient to make a *prima facie* showing that after ending his employment with Just Funky India, Tyagi used Just

---

[7] In connection with their contract dispute, Tyagi and Just Funky disagree regarding the effect of Tyagi's employment with Just Funky India. While Tyagi sometimes attempts to distinguish between Just Funky and Just Funky India, claiming that he worked for Just Funky India and not Just Funky, he also seems to suggest that the two are the same. After Tyagi left Just Funky India in October 2020, he reached out on November 4, 2020 to a vendor/supplier he worked with at Just Funky stating "[a]s discussed on phone I'm no longer with JF . . . Soon I'm going to join another USA based company and will be doing similar products you are doing for JF and start placing orders with you soon." (*See* Doc. No. 33 ¶ 18; Doc. No. 36 at 3; *see also* Doc. No. 36-4 ("I have just left Just Funky on 10/30 and working with another USA based company BoomTrendz who is dealing into similar products JF is doing. [I]t was a great experience working with you during my [t]enure with JF & looking forward to work with you again.").) But the Court need not (and does not) address that issue in order to resolve Tyagi's Rule 12(b)(2) motion.

Funky's confidential and trade secret product and pricing information in pursuit of Boom Trendz's business in Ohio, of which Tyagi is an employee and "equal partner[]." (Doc. No. 43-2 at 3.) In emails to Just Funky vendors after his departure from Just Funky India, Tyagi stated: (1) "I believe price $2.35 [for bento box] is including printing cost? artwork will be similar to what JF is doing so pls confirm if $2.35 price is correct[]" (Doc. No. 36-1 at 2); and (2) "Though I already have all products price you did for JF but still pls quote me prices of following products for my record[.]" (Doc. No. 36-3); and (3) "I have left Just Funky on 10/30 and working with another USA based company BoomTrendz who is dealing into similar products JF is doing. [I]t was a great experience working with you during my tenure with JF & looking forward to work with you again." (Doc. No. 36-4). (*See also* Doc. No. 33 ¶¶ 20–24.) Tyagi avers that Boom Trendz does not copy Just Funky's licensed products but produces "generic products." (Doc. No. 38-1 ¶ 16.) But in an email to ▉▉▉▉▉▉▉▉▉, Tyagi informs Scott: "Wanted to share with you some exciting news! Boom Trendz [h]as signed our first licensing deal with MGM Studios!" (Doc. No. 36-4 at 2.) As alleged in the complaint, MGM is one of Just Funky's licensors. (Doc. No. 1 ¶ 19.)

The allegations in Just Funky's verified complaint and declarations and documentation submitted in support of its opposition to Tyagi's motion are sufficient, at this juncture, to support a *prima facie* showing that Tyagi misappropriated Just Funky's trade secrets and used that information to benefit himself and Boom Trendz to the detriment of Just Funky. Having made that showing, Just Funky has also sufficiently established that Tyagi should have reasonably expected that Just Funky, an Ohio LLC, would be damaged. *See Coast to Coast Health Care Servs., Inc. v. Meyerhoffer*, No. 2:10-cv-734, 2012 WL 169963, at *3 (S.D. Ohio Jan. 19, 2012) ("[I]f [defendant] secretly conspired to start a competitor company and utilized Coast to Coast's [trade secrets], she

should have reasonably expected that [plaintiff's] Ohio business would be damaged. Thus, the requirements of Ohio's long arm statute are satisfied."); *see also Safety Today, Inc. v. Roy*, No. 2:12-cv-510, 2012 WL 2374984, at *2 (S.D. Ohio June 22, 2012) ("Defendants could reasonably have expected that injury would occur in Ohio by taking the customer lists and confidential information of their Ohio based employer.").

Construing the facts in a light most favorable to Just Funky, the Court concludes that Just Funky has met its slight burden to establish a *prima facie* showing that Tyagi's actions from India directed to Ohio with respect to the alleged misappropriation of Just Funky's trade secrets were committed with the purpose of inflicting a tortious injury on Just Funky in Ohio that was reasonably expected to occur. Thus, Tyagi is subject to personal jurisdiction under subsection (A)(6) of Ohio's long arm statute.

**2. Due Process Analysis**

Having determined that Tyagi is subject to personal jurisdiction in Ohio under Ohio's long arm statute, the Court must next determine whether the exercise of personal jurisdiction over TFI comports with the due process clause. In order to satisfy that constitutional requirement, Tyagi must "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316 (quotation marks and citation omitted).

Personal jurisdiction exists in two forms: "general" and "specific." *Conti v. Pneumatic Prods. Corp.*, 977 F.2d 978, 981 (6th Cir. 1992). General jurisdiction exists over a defendant when his "contacts with the forum state are of such a 'continuous and systematic' nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the

defendant's contacts with the state." *Third Nat'l Bank in Nashville v. WEDGE Grp. Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989). Specific jurisdiction exists when a plaintiff's claims arise out of or relate to a defendant's contacts with the forum state; that is, there is a nexus between a defendant's contacts in the forum state and plaintiff's claim. *Kerry Steel, Inc.,* 106 F.3d at 149; *Conti,* 977 F.2d at 981. Just Funky contends that its claims against Tyagi arise from his activities in Ohio, and Tyagi is subject to specific jurisdiction in this Court. (Doc. No. 31 at 18.)

The Sixth Circuit has set forth a three-part test for analyzing the issue of specific personal jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

### *Tyagi's alleged misappropriation of Just Funky's trade secrets caused a consequence in Ohio*

"The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous' or 'attenuated' contacts[.]" *Burger King v. Rudzewicz,* 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). Just Funky is an Ohio LLC, and Tyagi allegedly misappropriated Just Funky's trade secrets from its servers and software located in Ohio. Here, Just Funky has alleged and provided supporting documentation that Tyagi has misappropriated trade secrets belonging to an Ohio Company. "The misappropriation of trade secrets belonging to an Ohio company causes consequences in Ohio[,]" and satisfies the purposeful availment prong of *Southern Machine*. *Dayton Superior*, 288 F.R.D. at 168.

### *Just Funky's claims against Tyagi arise from his misappropriation of Just Funky's trade secrets in Ohio*

In order to satisfy the second prong of the *Southern Machine* test, Just Funky's claim for relief against Tyagi must arise out of Tyagi's activity in Ohio. The claim can be "of whatever type" as long as it has a "substantial connection with the defendant's in-state activities." *S. Mach. Co.*, 401 F.2d at 384 n.27 (6th Cir. 1968). "Only when the operative facts of the controversy are not related to the defendant's contact with the state can it be said that the cause of action does not arise from that contact." *Id.* n.29. A "lenient standard" applies when evaluating the "'arising from' criterion" of *Southern Machine*. *Bird*, 289 F.3d at 875; *Parker Hannifin Corp. v. Standard Motor Prods., Inc.*, No. 1:19-cv-00617, 2019 WL 5425242, at *13 (N.D. Ohio Oct. 23, 2019) (same) (citing *Bird*, 289 F.3d at 875).

Here, Just Funky's misappropriation of trade secrets and other claims arise from Tyagi's alleged misappropriation of trade secrets from Just Funky's server and software in Ohio. *See Dayton Superior*, 288 F.R.D. at 168 (finding that *Southern Machine's* arising from prong is satisfied where the operative facts of plaintiff's trade secret claim against defendant relate to the state where the defendant acquired the trade secrets). The second prong of *Southern Machine*'s due process analysis is satisfied.

### *The exercise of personal jurisdiction over Tyagi in Ohio is reasonable*

The "substantial connection" prong of the due process analysis requires that this Court's exercise of personal jurisdiction over Tyagi in Ohio be "reasonable." Generally, "[a]n inference arises that the third factor is satisfied if the first two requirements are met." *Bird,* 289 F.3d at 875.

Tyagi argues that it is not reasonable to exercise jurisdiction over him in Ohio because Just Funky India has instituted an action against him in India, where he resides, for misappropriation

of trade secrets, and it would be a great burden and inconvenience to Tyagi to travel to Ohio for trial or litigation related purposes or proceedings. (*See* Doc. No. 24 at 11–12.) Just Funky contends that it is not unreasonable for this Court to assert personal jurisdiction over Tyagi in Ohio because the dispute involves two Ohio companies, one which currently employs Tyagi and is allegedly using Just Funky's trade secrets taken by Tyagi from Just Funky in Ohio while in India. (Doc. No. 31 at 19.)

When, as here, Tyagi is a foreign defendant, "'[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field.'" *Asahi Metal Indus. Co. v. Super. Ct. of Cal.* 480 U.S. 102, 115, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987) (quoting *United States v. First Nat'l City Bank,* 379 U.S. 378, 404, 85 S. Ct. 528, 13 L. Ed. 2d 365 (1965) (Harlan, J., dissenting)). "Whether the exercise of jurisdiction over a foreign defendant is reasonable is a function of balancing three factors: 'the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief.'" *City of Monroe Emps. Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 666 (6th Cir. 2005) (quoting *Asahi Metal Indus.,* 480 U.S. at 113). That said, "[w]hen minimum contacts have been established, often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant." *Asahi,* 480 U.S. at 114.

As an initial matter, Just Funky has made a *prima facie* showing that Tyagi had a substantial connection with the state of Ohio with respect to: (1) his work as an employee with Just Funky/ Just Funky India; (2) the location of Just Funky, an Ohio company, from where he allegedly misappropriated Just Funky's trade secrets; (3) the location of the harm caused to Just Funky; and (4) the location of Tyagi's current employer and business, Boom Trendz (an Ohio LLC), through

which Just Funky's allegedly misappropriated trade secrets are used to compete with Just Funky in Ohio.

As Arora (Just Funky's chief executive officer) explained, Tyagi's interactions with Just Funky in Ohio were extensive. Arora and another Just Funky Ohio employee, Brinda Anandakrishan ("Anandakrishan"), worked out of Just Funky's office in Richfield, Ohio. (Doc. No. 33 ¶ 12.) Arora avers that Tyagi's communicated directly with him in Ohio, from India, in some fashion on a daily basis, including emails, telephone calls, video calls, and meetings to review order reports originating in Ohio. (Doc. No. 33 ¶ 12.) In addition, Arora states that Tyagi worked and regularly collaborated with other Just Funky personnel in Ohio. (Doc. No. 33 ¶¶ 8, 11.) Tyagi does not dispute that he worked with Just Funky personnel in Ohio, but contends that his interactions were "limited." (Doc. No. 38-1 ¶ 11.)

Arora further avers that Tyagi worked with and handled orders for a Just Funky customer—Stunned Mind, LLC—in Columbus, Ohio. (Doc. No. 33 ¶ 13.) Tyagi does not dispute that he worked with and processed orders for Stunned Mind in Columbus, but contends that Stunned Mind is a partner of Just Funky, not a customer and, in any event, his interaction with Stunned Mind was "minimal." (Doc. No. 38-1 ¶ 14.)

Arora also states that Tyagi reported to him directly in Ohio for a period of time, and Tyagi confirms that he reported to both Arora and Anandakrishan in Ohio for several months after Tyagi's supervisor in India left the company. (Doc. No. 33 ¶ 12; Doc. No. 38-1 ¶ 12.) When Tyagi left the company on October 31, 2021, he sent his resignation email to Arora and Anandakrishan in Ohio. (Doc. No. 33 ¶ 14.)

In addition to Tyagi's Ohio contacts in connection with his employment, he also had Ohio

contacts in connection with the advancement of Boom Trendz's business. In January 2021 emails to two Boom Trendz employees located in Ohio, Tyagi states that he sent (or arranged to be sent) plastic water bottles and other product samples to them in Ohio where Boom Trendz is located. (*See* Doc. No. 43-5.) Tyagi also reached out to businesses with locations in Ohio to arrange for shipping of Boom Trendz's products. In May 2021, Tyagi contacted Russell Bombik, a sales executive for C.H. Robinson in Middleburg Heights, Ohio, regarding "container availability" so "we can ask factory to make booking accordingly." (Doc. No. 43-11.) Then in June 2021, Tyagi contacted John Bell with DHL in Middleburg Heights, Ohio regarding shipping arrangements for Boom Trendz's products. (Doc. No. 43-10.) Tyagi contends the samples Tyagi arranged to be received by Boom Trendz in Ohio were never actually obtained and the shipping vendors he contacted in Ohio are global supply chain companies and Boom Trendz never actually conducted business with either company. (*See* Doc. Nos. 47; 47-1.)

The above examples of Tyagi's contacts with Ohio not only demonstrate that he purposefully directed his activities toward Ohio in connection with the alleged misappropriation and misuse of Just Funky's trade secrets but are relevant to the first factor identified by the Supreme Court in *Asahi* when considering the exercise of personal jurisdiction over a foreign defendant—the burden on Tyagi. The Court finds that the burden on Tyagi is likely to be slight. The COVID-19 global pandemic greatly expanded the nature of court proceedings utilizing remote solutions. The pandemic required courts in the Northern District of Ohio and elsewhere to adapt to the use of virtual platforms and other remote solutions to conduct trials and other court proceedings that were previously only conducted in person. Attorneys have also been able to conduct discovery through the use of remote technologies. And the record demonstrates that Tyagi

16

is adept at conducting business utilizing remote solutions and regularly did so in directing his activities to Just Funky in the state of Ohio from India during his employment, and subsequently from India with respect to the business of Boom Trendz in Ohio. In addition, the email exchanges in the record before the Court indicate that while English may be Tyagi's second language, he is capable of communicating effectively in English, and he is represented by local counsel who has appeared before the Court on his behalf.

Given that Tyagi's activities at issue here and consequences thereof were directed at Ohio, Tyagi's demonstrated ability to use remote solutions in the Northern District of Ohio wherever such solutions may be appropriately used in the context of this litigation, and Tyagi's representation by local counsel, the Court finds that the burden on Tyagi is likely to be slight and does not weigh against the Court's exercise of personal jurisdiction in Ohio. *See Knox v. MetalForming, Inc.*, 914 F.3d 685, 694 (1st Cir. 2019) (finding personal jurisdiction in Massachusetts over German company comports with due process where minimum contacts have been established and the burden on the defendant is not enough to make the exercise of jurisdiction unreasonable and logistical challenges can be addressed through the affidavits and video devices) (citations and quotation marks omitted); *Greene v. Karpeles*, No. 14-cv-1437, 2019 WL 1125796, at *9 (N.D. Ill. Mar. 12, 2019) (finding burden on the defendant is not a bar to personal jurisdiction in Illinois over defendant in Japan because, among other reasons, "there are accommodations, including remote depositions under Rule 30(b)(4) and trial testimony by contemporaneous transmission under Rule 43(a), that remain options to address this concern short of denying personal jurisdiction entirely") (citation and internal quotation marks omitted); *cf. R & R Games, Inc. v. Fundex Games, Ltd.*, No. 8:12-cv-01957-T-27, 2013 WL 784397, at *10 (M.D. Fla. Mar.

1, 2013) (finding that due process is "offended" and declining to find personal jurisdiction in Florida over a European defendant when the defendant directed its alleged trademark infringement toward the United Kingdom and had never directed any activity toward the state).

With respect to the interest of the forum state, the Court finds that this factor weighs in favor of exercising personal jurisdiction over Tyagi. Both Just Funky and Boom Trendz are Ohio LLCs with their principal locations in Ohio. The alleged harm to Just Funky caused by Tyagi took place in Ohio, as does the alleged ongoing misuse of Just Funky's trade secrets. Ohio has a significant interest in protecting the trade secrets of its businesses and from protecting its businesses from misappropriation of trade secrets and unfair competition. *Kauffman Racing Equip., L.L.C. v. Roberts*, 930 N.E.2d 784, 797 (Ohio 2010) (citing among authority *Bird*, 289 F. 3d at 875). "This is especially true in a case . . . in which the defendant has intentionally directed his activity at forum residents and the effects of that activity occur in the forum state." *Id.* (quotation marks and citations omitted); *see also Ajuba Int'l, L.L.C. v. Saharia*, 871 F. Supp. 2d 671, 684 (E.D. Mich. 2012) (finding among other factors that Michigan has an interest in protecting its citizens from unfair competition and exercising personal jurisdiction over defendant in India); *Stolle Mach. Co., LLC*, 2011 WL 6293323, at *5–6 (finding among other factors that Ohio has an interest in protecting companies that conduct significant business in its borders and exercising jurisdiction over defendant in China who allegedly stole trade secrets from plaintiff).

Lastly, the issue of the burden on Just Funky weighs in favor of this Court's personal jurisdiction over Tyagi. In his motion, Tyagi argues that he has been sued in India by Just Funky India for misappropriation of trade secrets and should not be subject to this Court's jurisdiction in this action. (Doc. No. 24 at 12; Doc. No. 24-1 ¶¶ 2–3, 19–20.) But Tyagi also maintains that the

two entities are separate and that distinction defeats Just Funky's claims against him. (*See* Doc. No. 24-1 ¶ 7; Doc. No. 38-1 ¶¶ 8–9.) And it appears that resolution of the Just Funky India litigation will not resolve Just Funky's claims against Carpenter and Boom Trendz (who are not parties to the Just Funky India litigation) or address Just Funky's claim that Carpenter (a former Just Funky Employee and Ohio resident) conspired with Tyagi to misappropriate Just Funky's trade secrets and use that information for their own unlawful and competitive purpose. (*See* Doc. No. 1 ¶¶ 96–97.) If the Court declines to exercise jurisdiction over Tyagi in the instant action, Just Funky would be deprived of its ability to obtain the relief it seeks in this action without bringing litigation in India where jurisdiction over Carpenter and Boom Trendz may not be available. *See Ajuba Int'l*, 871 F. Supp. 2d at 694–95 (declining to stay proceeding in Michigan until related Indian suit is resolved when, among other reasons, the defendants and claims are not the same in both forums and resolution of the Indian suit will not provide complete relief as to all plaintiff's claims before the court). This significant burden on Just Funky, in light of the likely slight burden on Tyagi and the significant interest of the forum state, weighs in favor of exercising personal jurisdiction over Tyagi.

In balancing all the *Asahi* factors, notwithstanding the burden on Tyagi if he is required to travel to Ohio to defend this action, the Court finds that exercising personal jurisdiction over Tyagi in Ohio is reasonable and does not violate due process. *See Ajuba Int'l*, 871 F. Supp. 2d at 684 ("The Court finds it reasonable to exercise limited personal jurisdiction over Defendants [in India]. Michigan's interest in protecting its citizens from unfair competition and Plaintiffs' interest in obtaining an efficient resolution of this dispute outweighs Defendants' burden of having to litigate in this forum."); *Stolle Machinery Co., LLC*, 2011 WL 6293323, at *5 (finding that exercising

jurisdiction over defendant in China does not violate due process even where the burden on defendant of litigating in Ohio is high where Ohio has a significant interest in protecting its companies and defendant's co-conspirators are located in Ohio); *Mktg. Partners Grp. LLC v. Curtis Int'l, Ltd.*, No. 5:20-cv-1163, 2021 WL 1123804, at *5 (N.D. Ohio Mar. 24, 2021) (finding that Canadian defendant was "attempting" to exploit markets in Ohio and plaintiff met its burden of establishing the requisite connection with Ohio necessary to support personal jurisdiction over foreign defendant).

### III. Conclusion

For all the foregoing reasons, the Court concludes that, at this juncture, when viewing the record in a light most favorable to Just Funky, that Just Funky has met its slight burden to make a *prima facie* showing that this Court has personal jurisdiction over Tyagi. Accordingly, Tyagi's motion to dismiss for lack of personal jurisdiction is denied.

The Court's non-document order dated September 16, 2021 staying this matter as to Just Funky's claims against Tyagi is vacated. Tyagi and Just Funky shall promptly engage in discovery related to Just Funky's motion for preliminary injunctive relief in accordance with the deadlines established by the Court so that the Court's briefing and hearing schedule are observed.

**IT IS SO ORDERED**.

Dated: November 23, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**