UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUST FUNKY, LLC, | ) | CASE NO. 5:21-cv-01127 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| v. | ) | **ORDER GRANTING IN PART AND** |
| | ) | **DENYING IN PART DEFENDANTS'** |
| BOOM TRENDZ, LLC, et al., | ) | **MOTION TO DISSOLVE, MODIFY,** |
| | ) | **AND/OR RECONSIDER** |
| Defendants. | ) | **PRELIMINARY INJUNCTION** |
| | ) | |
| | ) | **AND** |
| | ) | |
| | ) | **ORDER CONTINUING FINAL** |
| | ) | **PRETRIAL AND JURY TRIAL** |

Defendants Boom Trendz, LLC, Melissa Carpenter, and Deepak Tyagi have jointly moved this Court to dissolve, modify, and/or reconsider the Preliminary Injunction (ECF No. 59) entered on December 10, 2021. (ECF No. 105). Plaintiff Just Funky opposes Defendants' Motion in part, asking the Court to modify the Preliminary Injunction (1) to lift the prohibition on Tyagi's ability to compete with Just Funky and solicit Just Funky's customers and vendors; and (2) to indicate that the prohibitions on Carpenter's ability to compete with Just Funky and solicit Just Funky's customers and vendors should end on June 17, 2023. (ECF No. 106, PageID# 2146–47). Just Funky also opposes further dissolution, modification, or reconsideration of the Preliminary Injunction. (*Id.*). Defendants filed a joint Reply Brief arguing that changed circumstances support their Motion, and insisting that the Preliminary Injunction be dissolved in full. (ECF No. 109). For the foregoing reasons, this Court GRANTS IN PART AND DENIES IN PART Defendant's Motion. Furthermore, the Court hereby CONTINUES the Final Pretrial set for January 19, 2023 and the Jury Trial scheduled to begin on February 13, 2023, until Carpenter and Boom Trendz's Chapter 7 bankruptcies are completed.

1

**BACKGROUND**

On June 4, 2021, Just Funky filed suit against Boom Trendz, Carpenter, and Tyagi for allegedly misappropriating Just Funky's trade secrets and unfairly competing with it, as well as Carpenter and Tyagi's alleged violations of non-competition and non-solicitation agreements between them and Just Funky. (ECF No. 1). Just Funky amended the Complaint on April 6, 2022. (ECF No. 82, Amended Complaint). The Complaint alleges that Carpenter signed a restrictive covenant agreement agreeing to, *inter alia*, not compete with Just Funky nor solicit its employees, customers, manufacturers, or suppliers for 24 months after Carpenter's employment terminated. (*Id.* at PageID# 1810, ¶ 33). Carpenter's employment terminated on April 5, 2019. (*Id.* at ¶ 34). The Amended Complaint alleges that, "Well before Fall 2020, Carpenter was competing with Just Funky and targeting Just Funky's customers." (*Id.* at PageID# 1814, ¶ 54).[1]

The Amended Complaint also alleges that Tyagi signed a similar agreement not to compete with Just Funky nor solicit its employees, customers, manufacturers, or suppliers for 12 months after Tyagi's employment terminated. (*Id.* at PageID# 8–9, ¶ 40). Tyagi's employment terminated on October 20, 2020. (*Id.* at PageID# 1813, ¶ 48). Just Funky alleges that Tyagi "began competing before he even departed Just Funky's employment. (*Id.* at PageID# 1814, ¶ 55).

Finally, relevant to Defendants' Motion, the Amended Complaint alleges that Defendants misappropriated three types of trade secrets: "(1) Just Funky's customer, vendor, pricing, and sales pipeline spreadsheets, (2) pipeline information about Just Funky's product development and

---

[1] Just Funky does not know the exact date that Carpenter began competing. (ECF No. 50-1, Motion for Leave to Amend Complaint, PageID# 955, n.3). Just Funky claims that Exhibit 2, ECF No. 50-4, PageID# 1015 supports its claim that Carpenter began competing with Just Funky before Fall 2020; that document contains an email from December 29, 2020 between Carpenter and a customer, and does not include any indication of when Carpenter began competing with Just Funky. (*Id.*).

marketing strategies, and (3) information, including specifications, standards, and procedures, related to Just Funky's product production." (*Id.* at PageID# 1815, ¶ 58).

### *The Preliminary Injunction*

The Preliminary Injunction entered on December 10, 2021, was the product of an agreement between Just Funky and the Defendants, and "represents language jointly approved by the parties." (ECF No. 58, Notice of Filing Revised Proposed Agreed Order Issuing Preliminary Injunction, PageID# 1532). The Preliminary Injunction itself contains no termination date nor proposed case schedule; rather, it states that it "shall remain in effect until the merits of Just Funky's claims have been resolved, whether by dispositive motions, settlement, or completion of the trial on the merits or until notified by the Court." (ECF No. 59, PageID# 1537). It is divided into two main parts: Part (a) of the Preliminary Injunction enjoins Carpenter and Tyagi from competing with Just Funky, soliciting Just Funky's customers and vendors, and "using, disclosing, and/or misappropriating any of Just Funky's confidential, proprietary, and trade secret information, including through their operation of Boom Trendz; Part (b) enjoins Boom Trendz from competing with Just Funky based on the confidential and trade secret information allegedly acquired by Carpenter and Tyagi during their employment with Just Funky. (*Id.* at PageID# 1536). Two additional sections, (c) and (d), pertain to specific Boom Trendz purchase orders, and states that the Preliminary Injunction shall remain in effect until Just Funky's claims against Defendants are resolved, either by mutual resolution or by judicial decision. (*Id.* at PageID# 1537).

### *Defendants' Motion to Dissolve, Modify, and/or Reconsider the Preliminary Injunction*

On December 6, 2022, Defendants Carpenter and Boom Trendz filed a Notice of Filing Bankruptcy and Suggestion of Stay. (ECF Nos. 101 & 102, respectively). Since a jury trial is currently set to commence on February 13, 2023, this Court held a telephonic Status Conference

on December 19, 2022 to discuss the possibility of continuing the trial. Defendants objected to the continuance because of the pending Preliminary Injunction and informed the Court that it intended to move to lift the Preliminary Injunction. The Court set a briefing schedule, and Defendants filed their Motion to Dissolve, Modify, and/or Reconsider the Preliminary Injunction on January 3, 2023. In their Motion, Defendants allege that Just Funky has already received the benefit of its bargains with both Carpenter and Tyagi, because the Preliminary Injunction effectively prevented Carpenter from competing and/or soliciting for more than 24 months, and Tyagi for more than 12 months. (ECF No. 105-1, PageID# 2141). Regarding Just Funky's trade secrets, Defendants state that "the scope of any alleged Trade Secrets in this case has not been decided by the Court," and that the concern over Defendants' use of those trade secrets is "moot" (though Defendants do not explain why the concern is moot). (*Id.* at PageID# 2142–43).

On January 10, 2023, Just Funky opposed Defendants' Motion in part: Just Funky agreed that the Preliminary Injunction could be modified to lift the non-competition and non-solicitation provisions against Tyagi, and stated that the same provisions pertaining to Carpenter should be lifted as of June 17, 2023, which Just Funky alleged would be 24 months since Carpenter began wrongfully competing and soliciting. (ECF No. 106, PageID# 2146–47). Just Funky also noted that Defendants have not alleged any changed circumstances that would justify lifting the Preliminary Injunction applicable to trade secrets. (*Id.* at PageID# 2154–55). Defendants filed their Reply Brief on January 17, 2023, stating that the passage of time qualifies as a changed circumstance for the purpose of dissolving a Preliminary Injunction, and that Just Funky need not worry about its trade secrets, because "Defendants do not intend to use Just Funky's trade secret information, as that phrase is defined by law." (*Id.* at PageID# 2172–73).

4

**DISCUSSION**

*Dissolution, Modification, and/or Reconsideration of a Preliminary Injunction*

This Court has the inherent power to revisit its own injunction for the purpose of modification or complete dissolution. *Toledo Area AFL-CIO Council v. Pizza*, 907 F. Supp. 263, 265 (N.D. Ohio 1995). A party seeking dissolution or modification of an injunction "must demonstrate significant changes in fact, law, or circumstances since the previous ruling." *Id.* (citing *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 414 (6th Cir. 2012)).

1. *Carpenter and Tyagi's Non-Competition and Non-Solicitation*

Addressing the first part of the Preliminary Injunction enjoining Carpenter and Tyagi from competing with Just Funky and soliciting its customers and vendors, the Court may equitably toll the time period of the prohibition within the restrictive covenant in order to afford an employer "the benefit of its bargain" with its employee. *Total Quality Logistics, LLC v. OTC Logistics LLC*, No. 1:19-cv-151, 2019 WL 1300223, at *5 (S.D. Ohio Mar. 21, 2019) (citing *Rogers v. Runfola & Assocs.*, 57 Ohio St.3d 5, 9 (Ohio 1991). Here, the parties do not dispute that Just Funky has received the benefit of its non-competition and non-solicitation agreement with Tyagi, and that the Preliminary Injunction enjoining Tyagi from competing with Just Funky and soliciting its customers and vendors should be lifted. (ECF No. 106, PageID# 2146–47).

Regarding Carpenter, the Amended Complaint alleges that Carpenter's employment with Just Funky terminated on April 5, 2019, and that she began competing with Just Funky "[w]ell before Fall 2020." (ECF No. 82, PageID# 1810, ¶ 33; PageID# 1814, ¶ 54). Absent a date upon which Carpenter began competing, this Court estimates that Carpenter honored the non-competition and non-solicitation agreement for around 15 months. The Preliminary Injunction was then entered on December 10, 2021, and has remained in effect ever since. (*See* ECF No. 59).

Carpenter, therefore, has been kept from competing with Just Funky or soliciting its customers and vendors for approximately 27 months, which is in excess of the 24-month time period described in the Amended Complaint.  (*See* ECF No. 82, PageID# 1810, ¶ 33).  The Court therefore finds that Just Funky received the benefit of its bargain with Carpenter, and lifts the part of the Preliminary Injunction prohibiting Carpenter and Tyagi from competing with Just Funky or soliciting Just Funky's customers and vendors.

    2.  *Just Funky's Trade Secrets*

Regarding Just Funky's purported trade secrets, Defendants correctly observe that this Court has yet to determine the scope of those trade secrets nor whether Defendants misappropriated them.  (*See* ECF No. 105-1, PageID# 2143).  The Preliminary Injunction was entered based on an agreement of the parties, and expressly states that it shall remain in effect until Just Funky's claims against defendants are resolved.  (ECF No. 59, PageID# 1537).  Indeed, nothing has changed with respect to Just Funky's trade secrets claim apart from Defendants Carpenter and Boom Trendz filing for bankruptcy protection, the passage of time, and Defendants' assertion that they will not utilize Just Funky's trade secrets, as they are defined by law.  (ECF No. 106, PageID# 2172–73).  That being the case, Defendants would not be prejudiced by leaving this portion of the injunction in place; it simply serves to reinforce their stated intentions.  Further, Defendants' Motion does not present the Court with any viable arguments supporting dissolution of the trade secrets portion of the Preliminary Injunction, and since the Court has not yet made any findings concerning Just Funky's trade secrets, that part of the Preliminary Injunction shall remain in effect.

**CONCLUSION**

In light of the foregoing, Defendants' Motion to Dissolve, Modify, and/or Reconsider the Preliminary Injunction is GRANTED IN PART AND DENIED IN PART. The December 10, 2021 Preliminary Injunction (ECF No. 59) is hereby MODIFIED as follows:

1. Section (a) of the Preliminary Injunction is dissolved as of the date of this order.
2. Sections (b), (c), and (d), which are the product of negotiation between the parties, shall remain in effect until Just Funky's claims have been resolved in the manner described in section (d).

**CONTINUANCE OF THE FINAL PRETRIAL AND TRIAL**

As an additional matter, this Court possesses inherent power to stay proceedings "to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants. *Glazer v. Whirlpool Corp.*, No. 1:08-cv-1624, 2008 WL 4534133 (N.D. Ohio Oct. 6, 2008) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Due to the Chapter 7 bankruptcies filed by Defendants Boom Trendz and Carpenter, the Final Pretrial set for January 19, 2023 and the Jury Trial scheduled to commence on February 13, 2023 are hereby CONTINUED until further order of the Court. Defendants Boom Trendz and Carpenter are hereby ORDERED to promptly inform the Court upon the resolution of their bankruptcies.

IT IS SO ORDERED.

Date: January 18, 2023

*[signature: Charles Fleming]*

**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**