UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JUST FUNKY, LLC** | ) | CASE NO. 5:21-cv-01127 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| **BOOM TRENDZ, LLC, et al.** | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendants. | ) | **ORDER** |

This cause is before the Court on Defendant Melissa Carpenter's ("Carpenter") Motion for Summary Judgment. (ECF No. 119). Plaintiff Just Funky, LLC ("Just Funky") timely opposed Carpenter's Motion. (ECF No. 120). Carpenter subsequently filed a Reply Brief. (ECF No. 121). For the reasons stated herein, Carpenter's Motion for Summary Judgment is **GRANTED**.

I.     **FACTUAL BACKGROUND**

Just Funky is a family-owned business that manufactures licensed and private label pop culture and consumer trend products. (ECF. No. 82, Am. Compl., PageID #1806–07). Just Funky partners with corporations and other organizations, often internationally, to produce licensed merchandise and create original designs for novelty items, décor, apparel, collectibles, and others. (*Id.* at PageID #1807). Just Funky claims that its profitability is based on confidential, proprietary information and trade secrets it developed over time, such as "customer, pricing, vendor, and sales pipeline information; product pipeline and marketing strategies . . . [like] Just Funky's library with over 20,000 products and internal communications regarding product development and customer communications; and product production details, including specification, standards, and procedures for streamlining the manufacture and importation process with its vendors." (*Id.* at PageID #1808). To keep its confidential, proprietary information and trade secrets private, Just

Funky limits access to the information through password protection and requires both employees and vendors to sign confidentiality and non-disclosure agreements as a condition of employment and business transactions, respectively.  (*Id.*).

Just Funky hired Carpenter in August 2012.  (*Id.* at PageID #5).  As a key account manager, Carpenter worked with customers and the production design teams on product design, price, volume, and other details.  (*Id.*).  On May 3, 2013, Carpenter signed a Fair Competition Agreement as a condition of her employment with Just Funky.  (ECF No. 82-1, PageID #1834).  Carpenter agreed to keep Just Funky's confidential and proprietary information secret; assign all intellectual property rights to Just Funky for any projects she worked on while employed there; return Just Funky's records upon termination; and not to compete with Just Funky or solicit its clients for 24 months following termination.  (*Id.* at PageID #1834–39).  On July 1, 2014, Carpenter signed another Agreement renewing the same terms.  (*Id.* at PageID #1841–46).  Both agreements required Carpenter to maintain Just Funky's confidential information and trade secrets, to assign Just Funky any intellectual property rights developed during her employment, and after termination, barred solicitation of Just Funky's employees for 24 months.  (*Id.*).  Just Funky terminated Carpenter on April 5, 2019.  (*Id.* at 1809).

As part of her termination, Carpenter entered into a Separation Agreement and Release that acknowledged the ongoing obligations from the 2014 Agreement.  (ECF No. 91-3, PageID #2058).  In addition, the Separation Agreement and Release included non-disclosure, non-competition, and non-solicitation obligations.  (*Id.* at PageID #2058).  Under these provisions, Carpenter could not compete or disclose Just Funky's trade secrets or confidential information for 24 months beginning April 26, 2019.  (*Id.* at PageID #2061).

Following her termination, and after using at least two different business names in an

apparent attempt to avoid detection by Just Funky, Carpenter and co-Defendant Deepak Tyagi ("Tyagi") started Defendant Boom Trendz LLC ("Boom Trendz"). (ECF No. 119-1, PageID #2256 & ECF No. 82-1, PageID #2021). Boom Trendz engaged in the same business as Just Funky and had begun doing business with several of Just Funky's clients. (ECF No. 119-1, PageID #2256). Boom Trendz filed its articles of organization with the State of Ohio on December 14, 2020, though Carpenter waited until April 2021—when the non-competition and non-disclosure provisions had ostensibly expired—to become Boom Trendz's registered statutory agent. (*Id.* at PageID #2256). Carpenter admits that she, through Boom Trendz, worked with Just Funky's clients. (*Id.*). Boom Trendz ceased working with Just Funky's clients in December 2021, and has since wound up its business. (*Id.* at PageID #2256).

## II. PROCEDURAL HISTORY

On June 4, 2021, Just Funky filed a Complaint against Boom Trendz, Carpenter, and Tyagi. (ECF No. 1). Just Funky filed an Amended Complaint on April 6, 2022. (ECF No. 82). The Amended Complaint set forth six counts, alleging federal and state trade secret misappropriation, unfair competition, breach of contract, and tortious interference with a contract. (ECF No. 82, PageID #1823–29). Just Funky additionally alleged that Carpenter violated the Separation Agreement and Release, including non-competition, non-disclosure, and non-solicitation terms, by soliciting and working with Just Funky's clients, pitching the same or similar products at lower prices than Just Funky offered, and utilizing Just Funky's purported trade secrets to gain information about marketing strategies, product development, specifications, standards, and procedures. (ECF No. 82, PageID #1815–23).

On December 10, 2021, this Court granted Just Funky's Amended Motion for Preliminary Injunction. (ECF No. 59). Carpenter and Tyagi were thus enjoined from competing with Just

Funky, soliciting Just Funky's customers and vendors, using or misappropriating any of Just Funky's confidential, proprietary, and trade secret information, and otherwise violating the obligations pursuant to their agreements with Just Funky.  (*Id.*).

On December 6, 2022, Boom Trendz and Carpenter each filed Chapter 7 petitions in the Bankruptcy Court for the Northern District of Ohio.  (ECF No. 101 & 102).  This case was then stayed pursuant to the automatic stay mandated by 11 U.S.C. § 362.  On January 3, 2023, Defendants Boom Trendz, Tyagi, and Carpenter jointly filed a Motion to Dissolve, Modify, and/or Reconsider the Preliminary Injunction.  (ECF No. 105).  Defendants argued that Just Funky received the benefits of the original agreements, as the Preliminary Injunction prevented Carpenter from competing and/or soliciting for more than 24 months.  *Id.*  Just Funky filed its opposition on January 10, 2023, but did not object to lifting the Preliminary Injunction as to the non-competition and non-solicitation provisions.  (ECF No. 106).

On January 18, 2023, this Court granted in part and denied in part the Motion to Dissolve, Modify, and/or Reconsider the Preliminary Injunction.  (ECF No. 110).  The Court found Just Funky had received the benefit of its bargain with Carpenter, lifting the Preliminary Injunction with regard to the non-competition and non-solicitation agreements.  The Court also found that the scope of defendants' trade-secret violations and whether Carpenter violated them had yet to be determined; that part of the injunction remained valid.  (*Id.*).

The Court stayed further proceedings until the Chapter 7 bankruptcies were completed.  (*Id.*).  Although Just Funky was named as a creditor and its counsel received electronic notices throughout both bankruptcy matters, Just Funky did not file a proof of claim or otherwise participate; importantly, Just Funky did not file an adversary complaint to obtain permanent injunctive relief or a declaration that any judgment resulting from this case is nondischargeable.

4

(ECF No. 120, PageID #2323). Therefore, on August 17, 2023, the U.S. Bankruptcy Court for the Northern District of Ohio issued a Final Decree discharging all of Carpenter's debts, including any debt associated with a potential award in Just Funky's favor in this case. (ECF No. 119-1, PageID #2258).

On February 23, 2024, Carpenter filed a Motion for Summary Judgment; she argues that the restrictive covenants have all expired, the damages associated with Just Funky's Amended Complaint have been discharged in bankruptcy, and Just Funky cannot prove the elements of its misappropriation-of-trade-secrets claim. (ECF No. 119). Just Funky filed a Brief in Opposition to Summary Judgment on March 2, 2024. (ECF No. 120). Just Funky suggests that it still may be able to obtain a finding of nondischargeability from the bankruptcy court, and that it can, in fact, prove that Carpenter misappropriated its trade secrets. (*Id.*). On April 9, 2024, Carpenter filed a Reply Memorandum in support of the Motion. (ECF No. 121). The matter is now ripe for adjudication.

### III. MOTION STANDARD

A motion for summary judgment should be granted when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party must always establish the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986); *Williams v. Maurer*, 9 F.4th 416, 430 (6th Cir. 2021). "Determination of whether a factual issue is 'genuine' requires consideration of the applicable evidentiary standards." *Kelly v. Harwick Standard Distrib. Corp.*, No. 5:05 CV 1964, 2006 WL 8454309, at *2 (N.D. Ohio Sept. 26, 2006). Further, a material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The motion is viewed in the light most favorable to the

non-moving party.  *Id*. (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Accordingly, "[t]he mere existence of a scintilla of evidence in support of a plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Leadbetter v. Gilley,* 385 F.3d 683, 689 (6th Cir. 2004) (internal citations omitted).  If the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Cameron v. Boston Sci. Corp.*, No. 1:10 CV 2258, 2012 WL 1592535, at *2 (N.D. Ohio Apr. 12, 2012).  There is a genuine dispute of material fact if "the evidence is such that a jury could return a verdict for the non-moving party."  *Abu-Joudeh v. Schneider*, 954 F.3d 842, 849–50 (6th Cir. 2020).

If the moving party satisfies its burden, the burden shifts to the non-moving party to "produce evidence that results in a conflict of material fact to be solved by a jury."  *Cameron v. Boston Sci. Corp.*, No. 1:10 CV 2258, 2012 WL 1592535, at *2 (N.D. Ohio Apr. 12, 2012) (citing *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995)).  The court only needs to consider the materials cited in the parties' briefs.  Fed. R. Civ. P. 56(c)(3).  "The ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law."  *Payne v. Novartis Pharms. Corp.*, 767 F.3d 526, 530 (6th Cir. 2014).

### IV. DISCUSSION

#### A. There are no material issues to be resolved regarding breach of contract.

This Court found that the non-disclosure and non-solicitation provisions of the Separation Agreement and Release have been fulfilled, and critically, Carpenter's bankruptcy discharge renders her uncollectible. (ECF No. 110).  Nevertheless, Just Funky continues to pursue Carpenter

for breach-of-contract damages.[1] To prevail on such a claim under Ohio law, Just Funky must establish four elements: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; (4) damage or loss to the plaintiff. *Thomas v. Publishers Clearing House, Inc.*, 29 F. App'x 319, 322 (6th Cir. 2002) (internal citations omitted).

A plaintiff may only be compensated for breach-of-contract damages for an amount established by evidence with reasonable certainty. *Matco Tools Corp. v. Urquhart*, 435 F. Supp. 3d 802, 813 (N.D. Ohio 2020) (citing *Kinetico, Inc. v. Indep. Ohio Nail Co.*, 482 N.E.2d 1345, 1355 (Ohio Ct. App. 1984)). The plaintiff must provide an explanation of how the sum was determined: "Lost profits must be substantiated by calculations based on facts available or in evidence, otherwise they are speculative and uncertain." *Matco Tools Corp.*, 435 F. Supp. 3d at 813 (citing *Rhodes v. Rhodes Indus., Inc.*, 595 N.E.2d 441, 448 (Ohio Ct. App. 1991)).

Here, this Court previously found that Just Funky received the benefit of its bargain regarding the non-competition and non-solicitation agreements with Defendant Carpenter. (ECF No. 105). Specifically, because the preliminary injunction prevented Defendant Carpenter from competing or soliciting for approximately 27 months, the 24-month requirement within the non-compete and non-solicitation agreement was met. (ECF No. 105). Thus, the Plaintiff enjoyed the benefit of its bargain.

With regard to the additional relief sought by Just Funky—the Amended Complaint prays for compensatory damage for Just Funky's actual losses in addition to disgorgement of profits, exemplary damages, punitive damages, attorney's fees, and prospective injunctive relief (ECF No. 82, PageID #1829–30)—Just Funky cannot pursue Carpenter for any of those damages due to

---

[1] There are consequences for creditors who willfully continue to pursue debtors protected by a discharge injunction. 11 U.S.C. § 524; *see In re Perviz*, 302 B.R. 357, 370 (N.D. Ohio 2003) (awarding monetary sanctions to debtor for having to defend against creditor's pursuit of a monetary judgment).

Carpenter's bankruptcy discharge. As the Court explains below, Just Funky is forever barred from collecting money damages or obtaining injunctive relief against Carpenter for her prepetition conduct.

### B. Carpenter's liabilities were discharged in bankruptcy, and Just Funky did not protect its claims against Carpenter in bankruptcy court.

Just Funky's remaining claims are now barred by Carpenter's discharge injunction. Just Funky argues that "damages have yet to be determined for Carpenter's intentional actions." (ECF No. 120, PageID #2322). Just Funky believes that it can: (1) obtain a judgment in this Court against Carpenter for misappropriating its trade secrets despite the discharge injunction; (2) reopen Carpenter's bankruptcy case that has been closed for over one year; and (3) challenge the dischargeability of Just Funky's judgment award by alleging that it was caused by Carpenter's willful and malicious conduct. (*Id.*). Just Funky summarizes its damages related to its misappropriation-of-trade-secrets claim as "a question for another day in another court." (*Id.*).

Just Funky misunderstands the Bankruptcy Code and the effect of Carpenter's Chapter 7 discharge on its claims. Filing a Chapter 7 bankruptcy petition automatically stays most collection actions against a debtor, including lawsuits. 11 U.S.C. § 362. Creditors seeking a determination that a debt owed to them is nondischargeable because it was incurred as the result of willful and malicious injury must file an adversary complaint no later than 60 days after the first date set for the meeting of creditors. F. R. Bankr. P. 4007(c); 11 U.S.C. § 523(a). A creditor can lose its right to an adversary proceeding by failing to object when it received reasonable or actual notice. *United States v. Frederick*, No. 10-13405 2011 WL 379418, at *2 (E.D. Mich. Feb. 3, 2011) (citing *United Student Aid Funds, Inc v. Espinsosa*, 559 U.S. 260, 276 (2010)). Chapter 7 debtors are discharged of their debts unless, on request of a creditor and after notice and a hearing, the court determines the debt is excepted from discharge. 11 U.S.C. § 523(c).

8

Here, Just Funky did not object to the dischargeability of any of its claims in the bankruptcy proceeding.² Carpenter filed a Notice of Filing Bankruptcy and Suggestion of Stay with this Court on December 6, 2022. (ECF No. 101). Just Funky received notice of that filing, and its counsel received electronic notices of all filings in the bankruptcy. This Court held a status conference with all parties present to discuss the role the bankruptcies would have on this litigation moving forward on December 19, 2022. Just Funky concedes that it had notice of Carpenter's bankruptcy, but nonetheless believes that any judgment later awarded in this Court can be retroactively excepted from the discharge by the bankruptcy court. (ECF No. 120).

Just Funky appears to argue that debts arising from willful or malicious injury are categorically nondischargeable, citing *In re Gallick*, 292 B. R. 830, 831 (Bankr. W.D. Pa. 2003) for the proposition that its own "failure to file a proof of claim does not affect the clear statutory language of 11 U.S.C. 523 making certain debts nondischargeable." (ECF No. 120, PageID #2323). Indeed, certain debts—like the student loans discussed in *Gallick*—are categorically nondischargeable in the absence of undue hardship. 11 U.S.C. § 523(a)(8). Debts arising from willful and malicious injuries, on the other hand, are always discharged "unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge[.]" 11 U.S.C. § 523(c)(1); *see, e.g.*, *Neely v. Muchison*, 815 F.2d 345 (5th Cir. 1987) (barring a creditor's adversary complaint filed 10 days after the adversary-filing deadline and explaining that "§ 523(c) of the Code, which Rule 4007 is designed to implement, places a heavy burden on the creditor to protect his rights: a debt of the type presented here is automatically discharged unless the creditor requests a determination of dischargeability."); *In re Price*, 871 F.2d 97, 98 (9th Cir. 1989) ("Thus, while certain debts are not dischargeable in

---

² Just Funky also could have moved the Bankruptcy Court for relief from the automatic stay in order to continue the litigation in this Court, but it did not. 11 U.S.C. 362(d)(1).

bankruptcy, it is incumbent on the creditor to institute an action to have the debt declared exempt from the bankruptcy proceedings . . . . If the creditor fails to act, the debt is discharged.").

A Chapter 7 debtor's discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as personal liability, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2); 11 U.S.C. § 562(c)(2).  There is a narrow exception to the finality of a Chapter 7 discharge, in that a creditor may obtain relief from the discharge injunction to assign liability to the debtor in an insurance subrogation matter, but such exception does not apply here.  *In re McGraw*, 18 B.R. 140, 143 (W.D. Wis. 1982) (permitting a creditor relief from the discharge injunction because the creditor agreed to seek no enforcement of the award against the debtor).

Moreover, the discharge injunction precludes Just Funky from achieving any relief, including equitable relief, against Carpenter.  That is because "debt," as it is used in 11 U.S.C. § 524(a)(2) means "liability on a claim." 11 U.S.C. § 101(12).  "Claim," in turn, refers to:

> (A) [R]ight to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, disputed, undisputed, legal, equitable, secured, or unsecured.
> (B) [R]ight to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5).  Thus, the discharge injunction precludes Just Funky from achieving either monetary or injunctive relief against Carpenter.

*Moor v. Madison Cnty. Sheriff's Dep't*, 30 F. App'x 417, 419 (6th Cir. 2002) illustrates these principles.  In *Moor*, plaintiffs Donna and Morris Moor sued Deputy M.T. Arthur for damages.  *Id*. at 418.  After the case was filed, Arthur filed a Chapter 7 bankruptcy petition.  *Id.* The Moors did not take action to lift the automatic stay, nor object to the discharge of the debt.  *Id.*

10

The Court found that because the creditors "took no steps in either the bankruptcy or district courts to set aside or terminate the automatic stay or otherwise obtain an exception to the discharge," they had waived their rights against the debtor. *Id.* at 419.

Carpenter received her Chapter 7 discharge on August 17, 2023—over one year ago. (ECF No. 119-1, PageID #2258). Just Funky admits that it received notice of Carpenter's bankruptcy, but took no action to preserve its claims. Like the *Moor* creditor, Just Funky therefore waived its claims against Carpenter. In fact, Just Funky not only received notice of Carpenter's bankruptcy, but acknowledged in a recent court filing (prior to filing its opposition to Carpenter's Motion) that it **knows** it cannot collect damages from either Carpenter *or* Boom Trendz. (ECF No. 114) ("the impact that the Defendants' bankruptcies have on the Plaintiff's case and/or settlement position changes only insofar as Defendant Tyagi remains the sole Defendant who can be held liable for the claims set forth in the Complaint").

Since Just Funky failed to file an adversary complaint seeking an exception to Carpenter's discharge, Carpenter received a blanket discharge of her debts. Just Funky is now barred by the discharge injunction from pursuing Carpenter any further for prepetition conduct. Accordingly, there are no issues of material fact regarding Just Funky's claims against Carpenter. Just Funky received the benefit of its bargains regarding non-competition and non-solicitation, and Carpenter discharged prospective claims for monetary and equitable damages in bankruptcy. Accordingly, Carpenter's Motion for Summary Judgment is **GRANTED**.

V.     **CONCLUSION**

Based upon the foregoing, there are no genuine issues of material fact to be resolved for any of Just Funky's claims against Carpenter. Carpenter's liabilities alleged in the Amended Complaint were discharged on August 17, 2023, at the conclusion of her bankruptcy. Just Funky

failed to file an adversary complaint to assert any exception to the discharge.  As such, Carpenter's Motion for Summary Judgment (ECF No. 119) is **GRANTED.**

Defendant Melissa Carpenter is hereby **DISMISSED** from this action as a defendant.

**IT IS SO ORDERED.**

Date:  October 16, 2024

**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**